## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AJ HOLDINGS OF METAIRIE, LLC AND JILL JOHNSON BOUVIER** | **CIVIL ACTION NO.** |
| **VERSUS** | **JUDGE:** |
| **BRENDA P. FISCHBEIN** | **MAG. JUDGE:** |
| | **SECTION:** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## VERIFIED COMPLAINT

**NOW INTO COURT**, through undersigned counsel, come AJ Holdings of Metairie, LLC ("AJ Holdings") and Jill Johnson Bouvier ("Jill"), who file their *Complaint* against Brenda P. Fischbein ("Brenda") and who, upon information and belief, aver the following:

### I. NATURE OF THE ACTION

1.   Plaintiffs file their Complaint against Brenda for her efforts to personally profit at the expense of the Plaintiffs and to avoid the performance of her obligations to Jill. Specifically, Plaintiffs seek redress for Brenda's misappropriations of no fewer than three groups of diamonds, with each group including individual diamonds as large as 5.47 carats, as well as other valuable jewelry, with such misappropriations comprising instances of her pattern of racketeering activity and scheme to defraud the Plaintiffs. Further, Jill seeks redress for Brenda's failures to perform her obligations and satisfy her debts, which have been confirmed to be valid and enforceable by a Louisiana court.

## II. PARTIES

2. Made Plaintiffs hereby, AJ Holdings is a Louisiana limited liability company domiciled in the Parish of Jefferson, State of Louisiana, and Jill is a domiciliary of the Parish of St. Tammany, State of Louisiana, of the full age of majority.

3. Made Defendant hereby, Brenda is a domiciliary of the Parish of Jefferson, State of Louisiana.

## III. JURISDICTION AND VENUE

4. The first count of this action arises under 18 U.S.C. § 1964. This Honorable Court has original jurisdiction under 28 U.S.C. § 1331.

5. The remaining counts of this action arise under Louisiana law. This Honorable Court has supplemental jurisdiction under 28 U.S.C. § 1367 because each of these claims are "so related to claims in the action within such original jurisdiction that [it] form[s] part of the same case or controversy under Article III of the United States Constitution."

6. Venue is proper in this Honorable Court under 28 U.S.C. § 1391(b)(2) because this Court is in a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."

## IV. FACTUAL ALLEGATIONS

7. William Thomas Johnson (the "Decedent") died on September 23, 2016. The Decedent left a Last Will and Testament, dated November 24, 2015 (the "Will"), as well as a Codicil, dated September 17, 2016 (the "Codicil"). Attached hereto and incorporated herein by reference as *in globo* Exhibit "A" is a copy of the Will and the Codicil. The Will and Codicil were

probated by the Twenty-Second Judicial District Court for the Parish of St. Tammany (the "Succession Proceeding").[1]

8. The Decedent died possessed of all of the stock in and to William T. Johnson, Inc. d/b/a Southern Rings ("Southern Rings"). Further, the Decedent died possessed of all of the stock in and to BJ's Pawn & Jewelry, Inc. ("BJ's Pawn Shop").

9. Southern Rings and BJ's Pawn Shop operated in the same building located at 3828 Veterans Boulevard, Metairie, Louisiana 70002. Southern Rings was located on the floor above BJ's Pawnshop, which still operates on the first floor of the address previously listed. Both businesses dealt in jewelry and precious metals, stones, and jewels, and provided other services, for example, BJ's Pawnshop is a pawnbroker.

10. As set forth in the Will, the Decedent left all of his stock in Southern Rings to Brenda, together with all inventory (the "DOD Inventory") on memorandum from Southern Rings to Brenda (the "Legacy"). As further set forth in the Will, the Legacy was made subject to a charge upon Brenda to pay to Jill the cost of each item of DOD Inventory sold plus an additional fifteen percent (15%), within thirty (30) days of each item being sold (the "Charge"). Specifically, the Will provided:

> I leave all of my stock at the time of my death in Southern Rings by William T. Johnson, Inc. to Brenda F[ischbein], both voting and non-voting, together with all inventory in Southern Rings by William T. Johnson, Inc. on memorandum to Brenda F[ischbein] with the provision that at such time as an item of inventory held as of the time of my death is sold, **Brenda F[ischbein] shall pay Jill [Ms. Bouvier] the cost of each item sold plus the additional sum of fifteen (15%) over the cost of the item. Payment shall be made within thirty (30) days of the end of such item of inventory.**

The Will, at Art. I, § A. (emphasis added).

---

[1] *Succession of William Thomas Johnson*, No. 2016-20844, 22nd Judicial District Court, Parish of St. Tammany (September 29, 2016).

11. On or about June 13, 2019, AJ Holdings purchased BJ's Pawn Shop, including all related assets, rights, titles, and interests, from the estate of the Decedent by way of an Asset Purchase Agreement.

12. On February 13, 2020, a Judgment of Possession was rendered in the Succession Proceeding, which put Brenda into possession of the Legacy. Upon information and belief, Brenda was also put into physical possession of all remaining DOD Inventory around or about that date.

13. Upon information and belief, including the federal Estate 706 Return filed with IRS, the cumulative cost of all items of DOD Inventory is approximately $947,325.00; this amount plus an additional fifteen percent (15%) is not less than $1,011,415.80.

14. The DOD Inventory included numerous diamonds that are now missing.

15. Seven diamonds were present in the DOD Inventory on June 30, 2016 but subsequently identified as missing from the DOD Inventory on September 23, 2016, to wit:

　　a. 3.05 carats, Registry No. BJ-1-9460-75;

　　b. 1.98 carats, Registry No. BJ-1-5625-5;

　　c. 3.22 carats, Registry No. SR-1-6-6717-3;

　　d. 3.02 carats, Registry No. SR-1-17763-4;

　　e. 5.09 carats; Registry No. BJ-1-20500-7;

　　f. 1.77 carats, Registry No. SR-2-5615-76; and

　　g. 1.96 carats, Registry No. BJ-2-5000-73.

The cost of these diamonds is estimated to be around or about $70,680.00.

16. Additionally, five diamonds were present in the DOD inventory around or about March 2018 but subsequently identified as missing during an inventory of Southern Rings' merchandise on November 19, 2019, to wit:

      a.      1.85 carats, Registry No. SR-1-180-3;

      b.      2.17 carats, Registry No. SR-2-2500-75; and

      c.      0.84 carats, Registry No. SR-1-550-6.

      d.      5.47 carat diamond, Registry No. BJ-1-93366-7, GIA Report Number 5161149548; and

      e.      2.07 carat diamond, Registry No. BJ-2-10000-74, GIA Report Number 5141836567.

The cost of these diamonds is estimated to be around or about $106,596.00.

17. At all pertinent times from 2016 until July 18, 2018, when Southern Rings was shut down by the 22nd Judicial District Court, Brenda was the acting manager of Southern Rings and had total access and control over that enterprise. During this period of time, prior to the closing of Southern Rings, Brenda opened and closed the store daily, including the regular closing and opening of the two safes located on Southern Rings' premises where these diamonds were stored.

18. Upon information and belief, no inventory of Southern Rings' merchandise was conducted after March 2018 until the November 19, 2019 date. Brenda was unable to provide the Independent Executor of the Decedent's Succession any evidence that these diamonds were sold, by BJ's Pawn Shop to Southern Rings; by either business to a third party; or otherwise.

## V. COUNT I: RICO VIOLATION

19. The Plaintiffs incorporate the allegations contained in Paragraphs 1-19 as if pleaded herein, *in extenso*.

20. Brenda has engaged in a series of racketeering activities, which constitute a pattern of racketeering activity, both as defined by 18 U.S.C. § 1961, that have affected interstate

commerce, as provided by 18 U.S.C. § 1962, and caused the Plaintiffs to suffer damages to their business and property, as provided by 18 U.S.C. § 1964.

21. Upon information and belief, Brenda misappropriated or caused to be misappropriated many diamonds and valuables in her scheme to personally profit by defrauding the Decedent's estate, legatees, and businesses, and others, including the Plaintiffs. Brenda's scheme constituted a pattern of racketeering activity, which includes, but is not limited to:

   a. Brenda's theft, misappropriation, and/or embezzlement of property belonging to the DOD Inventory, for which Brenda was and is obligated to deliver to Jill the cost-plus 15% Charge;

   b. Brenda's theft, misappropriation, and/or embezzlement of property belonging to BJ's Pawn Shop, which, as a pawnbroker, is a financial institution under federal law, 31 U.S.C. §5312(a)(2), 18 U.S.C. § 20, and Louisiana state law, La. R.S. 37:1781, *et seq.*;

   c. Brenda's use of false or fraudulent pretenses to gain access to the premises and the safes, containers, and systems, contained therein, including that she needed to retrieve personal items from the premises; and

   d. Brenda's unauthorized use of access devices like keys, combinations, and codes, to access the premises and the safes, containers, and systems, contained therein, to gain physical access to the diamonds and valuable as well as alter the inventory records relating to the same.

22. Plaintiffs aver that, but for Brenda's actions, these diamonds and valuables would have entered interstate commerce for liquidation along with the other items belonging to the DOD

Inventory of Southern Rings, remained in the possession of BJ's Pawn Shop for sale, and/or been sold subject to the Charge.

23. Accordingly, Plaintiffs assert that they have been injured in their business and property by Brenda's unlawful conduct, and, pursuant to 18 U.S.C. § 1964, seek the recovery of treble damages in an amount equal to "threefold the damages [they] sustained and the cost of the suit, including a reasonable attorney's fee."

**COUNT VI: BRENDA'S FAILURES TO PERFORM UNDER THE CHARGE**

24. The Plaintiffs incorporate the allegations contained in Paragraphs 1-24 as if pleaded herein, *in extenso*.

25. Jill now seeks the recovery of an unpaid debt owed by Brenda, personally, to Jill.

26. The 22nd Judicial District Court recognized the validity of the Charge on the Legacy upon Brenda, when it entered its Judgment, on June 18, 2020, denying Brenda's Motion to Strike Impossible/Illegal Condition on Legacy.[2]

27. Also, the existence of the Charge was acknowledged and ratified by Brenda on multiple occasions.

28. For the months between and including October 2016 and October 2017, while Brenda was the acting manager of Southern Rings, Brenda allocated 115% of the cost of the DOD Inventory sold for each month to Jill on a monthly basis and in accordance with the Charge. However, between and including October 2016 and May 2017, Brenda improperly withheld the total sum of $54,680.20 and applied it to a purported debt owed by Jill to Southern Rings.

---

[2] No appeal was filed by Brenda and the Judgment, dated June 18, 2020, is conclusively final.

29. For the months between and including July 2017 and January 2018, while Brenda as the acting manager of Southern Rings, Brenda paid to Jill 115% of the cost of DOD Inventory sold, totaling $22,784.66.

30. In 2018, Brenda stated that, "[t]he decedent left Southern Rings—lock, stock, and barrel—to Brenda. There was a condition placed on that legacy by the decedent, i.e. that Jill is to receive the cost plus 15% of each item of DOD inventory as and when sold." *Memorandum in Opposition to the Motion of Jill Johnson Bouvier to Sell the Date of Death Inventory of Southern Rings* filed by Brenda Fischbein on October 18, 2018.

31. In 2019, Brenda asserted:

> Jill's rights with respect to Southern Rings' inventory are derivative of Brenda's rights as legatee. Until Brenda is placed in possession of the inventory, Jill has no right to receive anything. Only when Brenda is placed in possession of Southern Rings and whatever inventory remains will **Jill be entitled to receive, upon sale of such inventory, the cost plus fifteen (15%) percent of any inventory sold**.

*Reply Memorandum to the Response of Jill Bouvier to the Executor's Motion Seeking Approval to Sell Certain Inventory of Southern Rings* filed by Brenda Fischbein in the Succession Proceeding on November 12, 2019, at 1 (emphasis added).

32. Despite her prior acknowledgments, on April 8, 2020, Brenda filed a *Motion to Strike Impossible-illegal Condition on Legacy* (the "Motion to Strike"), which, *inter alia*, sought to strike the Charge while upholding the Legacy. On June 3, 2020, at the hearing on the Motion to Strike, the 22nd Judicial District Court opined: "The question then becomes whether or not by placing upon the bequest a condition that Brenda Fischbein shall pay Jill the cost of each item sold, plus the additional sum of 15 percent over the cost of the item, is that a prohibited condition under

Article 1519?"[3] Ultimately the 22nd Judicial District Court held: "I do not feel that it is an impossible or illegal charge placed upon the legacy; therefore, the motion is denied." *Id*., at 33:14-16. Judgment was entered on June 18, 2020 and became final after the time delays for appeal expired.

33. Unequivocally, then, both the 22nd Judicial District Court and Brenda have affirmed that the Charge on the Legacy is valid.

34. On or about February 12, 2020, the DOD Inventory was sold by the Independent Executor of the Decedent's Succession to pay the allocable charges and expenses of the Succession related to Brenda's Legacy. Those allocable charges and expenses totaled approximately $250,000.00. The next day, on February 13, 2020, a Judgment of Possession was rendered in the Succession Proceeding, which put Brenda into possession of the Legacy.

35. Brenda has not paid Jill the cost-plus fifteen percent of any DOD Inventory since being put into possession of the Legacy.

36. Although Brenda was put into possession of the Legacy and the DOD Inventory almost a year ago, it is unclear what DOD Inventory Brenda received upon being put into possession of the Legacy and what has subsequently been sold by her. Regardless, she owes Jill the cost-plus fifteen percent of the DOD Inventory.

37. Brenda has defectively performed, failed to perform, and/or delayed in performing under the Charge causing Jill to suffer damages.

38. Jill now seeks all amounts owed to her concerning the Charge, including, but not limited to, the $54,680.20 improperly withheld by Brenda, the cost plus fifteen percent of all DOD Inventory sold by the Independent Executor of the Succession to pay allocable charges and

---

[3] Transcript of June 3, 2020 Hearing, at 32:10-16.

Case 2:21-cv-00318-GGG-DPC   Document 1   Filed 02/12/21   Page 10 of 13

expenses related to Brenda's Legacy, and all other amounts owed to Jill related to the Charge, which Jill avers is not less than $1,011,415.80, and interest on any amounts owed under the Charge and not timely paid.

39. Jill further seeks accountings from Brenda for all DOD Inventory received by Brenda around or about February 13, 2020 after being put into possession of the Legacy, and of all DOD Inventory sold since that date, and for monthly accountings on a prospective basis.

### COUNT VII: GENERAL DAMAGES

40. The Plaintiffs incorporate the allegations contained in Paragraphs 1-40 as if pleaded herein, *in extenso*.

41. Jill seeks recompense for all damages suffered by her, including actual damages, profits deprived, and moratory damages, which were occasioned by Brenda's above-described tortious conduct, unjust enrichment, and failures to perform.

42. Jill seeks interest on the cost plus 15% from the date each item was sold and/or went missing.

### JURY DEMAND

43. Plaintiff seeks trial by jury.

**WHEREFORE**, AJ Holdings of Metairie, LLC and Jill Johnson Bouvier pray that, after due proceedings are had, there be Judgment rendered in favor of AJ Holdings of Metairie, LLC and Jill Johnson Bouvier and against Brenda P. Fischbein:

(1) awarding AJ Holdings of Metairie, LLC and Jill Johnson Bouvier treble damages in an amount equal to threefold their damages and costs as well as attorney's fees arising from Brenda P. Fischbein's pattern of racketeering activity;

Page 10 of 11

  (2) ordering Brenda P. Fischbein to pay to Jill Johnson Bouvier an amount equal to one hundred and fifteen percent (115%) of the cost of the items of DOD Inventory sold;

  (3) ordering Brenda P. Fischbein to provide an accounting for all DOD Inventory received by Brenda on or about February 13, 2020 after being put into possession of the Legacy;

  (4) ordering Brenda P. Fischbein to provide an accounting of all DOD Inventory sold since being put possession on or about February 13, 2020, and for monthly accountings on a prospective basis; and

  (5) awarding Jill Johnson Bouvier damages, including interest from date of sale of DOD Inventory items and/or date of reported missing of DOD inventory items, for Brenda P. Fischbein's failures to perform and defective and delayed performances; and any such other relief as this Honorable Court deems just and proper.

        Respectfully submitted,

        LUGENBUHL, WHEATON, PECK,
        RANKIN & HUBBARD

         */s/ Tyler J. Arbour*
        Ashley L. Belleau (#14077)
        Tyler J. Arbour (#33807)
        Ryan Tucker (#38922)
        601 Poydras Street, Suite 2775
        New Orleans, LA 70130
        (504) 568-1990 (Telephone)
        (504) 310-9195 (Facsimile)
        abelleau@lawla.com
        tarbour@lawla.com
        rtucker@lawla.com
        *Attorneys for AJ Holdings of Metairie, LLC and Jill Johnson Bouvier*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JILL JOHNSON BOUVIER, AND AJ HOLDINGS OF METAIRIE, LLC | CIVIL ACTION NO. |
| VERSUS | JUDGE: |
| BRENDA P. FISCHBEIN | MAG. JUDGE: |
| | SECTION: |

*************************************************************************

## VERIFICATION OF COMPLAINT
*Pursuant to 28 U.S.C. § 1746*

STATE OF LOUISIANA,

PARISH OF ORLEANS

I, **CHRIS ANDERSON**, do depose and state:

1. I am a manager of AJ Holdings of Metairie, LLC;

2. that I did read the foregoing *Verified Complaint*, and that all of the allegations therein are true and correct to the best of my information, knowledge, and belief; and

3. I verify under penalty of perjury that the foregoing is true and correct.

Executed on February 10, 2021.

_____
CHRIS ANDERSON

Page 1 of 1

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JILL JOHNSON BOUVIER, AND AJ HOLDINGS OF METAIRIE, LLC | CIVIL ACTION NO. |
| VERSUS | JUDGE: |
| BRENDA P. FISCHBEIN | MAG. JUDGE: |
| | SECTION: |

*****************************************************************

### VERIFICATION OF COMPLAINT
*Pursuant to 28 U.S.C. § 1746*

STATE OF LOUISIANA,

PARISH OF ORLEANS

I, **JILL JOHNSON BOUVIER**, do depose and state:

1. that I did read the foregoing *Verified Complaint*, and that all of the allegations therein are true and correct to the best of my information, knowledge, and belief.

2. I verify under penalty of perjury that the foregoing is true and correct.

Executed on February 10, 2021.

_____
JILL JOHNSON BOUVIER

Page 1 of 1